**STATE of Indiana and Indiana Department of Highways, Appellant (Defendants Below),**

v.

**Francis J. HOGAN, Rebecca L. Hogan, Francis Hogan II, and Francis J. Hogan, Administrator of the Estate of Patrick J. Hogan, Deceased, Appellee (Plaintiffs Below).**

No. 29S02–9112–CV–1002.

Supreme Court of Indiana.

Dec. 19, 1991.

wrongful death and personal injury claim against the State arising out of a collision on Interstate 70. The State moved to dismiss, contending that the Hogans had not complied with the notice provisions of the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–6 (West 1983).

The Hogans asked the trial court for an order compelling production of documents in the possession of the Attorney General, which the State resisted on grounds that some of those documents constituted attorney work product and/or were within the client-attorney privilege. The trial court ordered production of the documents. It also certified its order for interlocutory appeal.

The Hogans argue that the State's appeal lies under Rule 4(B)(1), which confers upon the Indiana Court of Appeals jurisdiction to hear interlocutory appeals in cases involving "the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action." The Court of Appeals agreed with the Hogans and dismissed the State's appeal because it was not filed within the time limits required for an interlocutory appeal under Ind.App.R. 4(B)(1). *State v. Hogan*, No. 29A02–9010–CV–635 (Ind.App., May 16, 1991). We grant transfer.

The matters which are appealable as of right under Appellate Rule 4(B)(1) involve trial court orders which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on. *See, e.g. Newman v. Hadfield* (1977), 174 Ind.App. 537, 369 N.E.2d 427 (attorney fees); *Schwedland v. Bachman* (1987), Ind.App., 512 N.E.2d 445 (delivery of check). This section of the rule is not designed to create an appeal as of right from every order to produce documents during discovery. *Greyhound Lines, Inc. v. Vanover* (1974), 160 Ind.App. 289, 311 N.E.2d 632.

The Court of Appeals erred in dismissing the State's appeal on grounds that it was untimely under Rule 4(B)(1). The appeal in

Linley E. Pearson, Atty. Gen., G. Richard Potter, Office of Atty. Gen., Indianapolis, for appellant.

Richard S. Ewing, William J. Hamilton, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Is a trial court's order to compel production of documents during discovery appealable as of right under Ind. Appellate Rule 4(B)(1)? We hold that it is appealable only under Appellate Rule 4(B)(6), if the trial court certifies it for interlocutory appeal and the court on appeal decides to accept the appeal.

Appellees Francis J. Hogan, Rebecca L. Hogan, and Francis Hogan, II have filed a

this case is a discretionary appeal under Rule 4(B)(6), and the parties agree it was timely under that section of the rule.

We grant transfer and reverse the order of dismissal entered by the Court of Appeals. The case is remanded to the Court of Appeals so that it can decide whether to exercise the discretion available to it by accepting the appeal.

All Justices concur.