David **WHITEZEL**, Appellant–Defendant,

v.

Judith **BUROSH** and The Estate of Vincent Burosh, Judith Burosh, Personal Representative, Appellees–Plaintiffs.

No. 45A03–0402–CV–67.

Court of Appeals of Indiana.

Feb. 28, 2005.

Gilbert F. Blackmun, Blackmun, Bomberger, Moran & Tyler, Highland, IN, Attorney for Appellant.

Thomas M. Zubeck, Whiting, IN, Attorney for Appellees.

## OPINION

MAY, Judge.

David Whitezel brings an interlocutory appeal of the trial court's removal of Whitezel as trustee of the Burosh Living Trust. Whitezel raises one issue, which we restate as whether the trial court's decision to remove Whitezel as trustee was clearly erroneous. We dismiss for lack of jurisdiction.[1]

1. Because we dismiss, we need not address Appellees' motion to strike all or part of Whitezel's reply brief.

## FACTS AND PROCEDURAL HISTORY

As best we can tell from the incomplete record before us, the facts are these. Vincent Burosh had sisters named Judith, Margaret, and Gertrude. Gertrude had two children, Whitezel and Karen Whitezel Kaminski. On July 1, 1994, Vincent executed a will that named Judith his personal representative. Margaret and Gertrude predeceased Vincent.

On April 1, 1999, Vincent was admitted to the hospital with terminal cancer. On May 14, 1999, Vincent "signed"[2] a document to create the Burosh Living Trust (the "Trust"). The Trust names Judith, Karen, and Whitezel each one-third beneficiaries of the trust assets and makes Whitezel sole trustee upon Vincent's death. Two days later, Vincent died.

Judith submitted Vincent's will for probate (the "Estate"). Whitezel, acting pursuant to the trust document, began administering the Trust, preparing tax forms, etc. On November 22, 1999, Judith, on her own behalf and as personal representative of Vincent's Estate (hereinafter "Judith"), filed a complaint against Whitezel, Karen, and Frank Kaminski[3] alleging fraud in the execution of the Trust, fraud in the change of beneficiaries on Vincent's life insurance policy, conversion of Estate property, tortious interference with distribution of the Estate, and conspiracy to defraud.

Then, on March 13, 2003, Judith filed a motion to remove Whitezel as trustee and to appoint a local financial institution as successor trustee. In the motion, Judith alleged Whitezel had "grossly mismanaged

2. Vincent wrote only an "X" and two witnesses signed their names next to an indication that the "X" was Vincent's mark.

3. We presume Frank is Karen's husband.

the estate assets" in the Trust, incorrectly prepared tax returns resulting in overpayment of approximately $15,000 in taxes, failed to account for approximately $301,500 in Estate assets, committed perjury, and failed to diversify the Trust's stock portfolio when the value of the only investment dropped 38% over four years.

The court held a hearing on Judith's motion. At the beginning of the hearing, the court announced it was not attempting to decide the merits of Judith's original complaint. Rather, the only issue before the court was whether to remove Whitezel as trustee. After hearing evidence, the court granted Judith's motion in an order that provided:

1. Plaintiffs' Petition to Remove David Whitezel as Trustee of the Trust, (Burosh Living Trust, Defendant's Exhibit H), is Granted. David Whitezel is ordered to prepare an accounting of all assets he took control of after the death of his uncle and relinquish his position of Trustee. The successor trustee is to be selected by each side herein striking from the following panel: Trust Department of Centier Bank, Trust Department of National City Bank, and Trust Department of Bank of Calumet. Defendant has the first strike, it shall be exercised no later than seven (7) days from his attorney's receipt of this Order. Plaintiffs will strike within the next seven (7) days. The remaining Bank Trust Department will supply the successor trustee to be qualified prior to January 30, 2004.

2. Defendant, David Whitezel, is to *fully* comply with *all* requested discovery of the Plaintiffs within the sixty (60) days following the date of this Order.

3. The request to consolidate this matter with the probate matter currently pending in this Court is Denied.

(Appellant's App. at 9–10) (emphases original).

## DISCUSSION AND DECISION

Whitezel appeals the trial court's decision removing him as trustee. The parties agree we have jurisdiction pursuant to Ind. Appellate Rule 14(A)(3), which provides interlocutory appeals as of right from an "interlocutory order ... [t]o compel the delivery or assignment of any securities...." We do not.

■ We may dismiss an appeal on our own motion when we discover we do not have jurisdiction. *Bayless v. Bayless*, 580 N.E.2d 962, 964 (Ind.Ct.App.1991), *reh'g denied, trans. denied*. The parties acknowledge the appealed order is not a final order. Appeals from interlocutory orders are not allowed without specific authority granted by the constitution, statute, or rules of court. *Id.* We must strictly construe authorizations for interlocutory appeals. *Anthrop v. Tippecanoe School Corp.*, 257 Ind. 578, 581, 277 N.E.2d 169, 171 (Ind.1972).

■■ The parties assert we have jurisdiction under the rule providing us jurisdiction over orders compelling "the delivery or assignment of any securities." App. R. 14(A)(3). However, not every order that falls into a category listed in App. R. 14(A)(3) is appealable. *See State v. Hogan*, 582 N.E.2d 824, 825 (Ind.1991). "The matters which are appealable as of right under [that rule] involve trial court orders which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on." *Id.* (discussing App. R. 4(B)(1) (1990), now App. R. 14(A)(3)).

For example, App. R. 14(A)(3) provides an appeal as of right from an order compelling the "delivery ... of ... documents." Nevertheless, in *Hogan*, our su-

preme court held that rule did not "create an appeal as of right from every order to produce documents during discovery." *Hogan,* 582 N.E.2d at 824. Rather, the order had to "carry financial and legal consequences akin to those more typically found in final judgments." *Id.*

The only precedent we found regarding an order for "the delivery or assignment of any securities" is *Koch v. James,* 616 N.E.2d 759 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* Therein, a beneficiary of stock was appealing a trial court's interlocutory order for the sale of stock in "a closely held family corporation." *Id.* at 760. As a matter of first impression we held:

> Delivery is defined as "the act by which the res or substance thereof is placed within the actual or constructive possession or control of another." Black's Law Dictionary 385 (5th ed. 1979). An interlocutory appeal is permitted when there is a delivery of securities because a shift of control occurs which may result in material changes that could not be remedied by a later appeal. A judicial sale shifts control of the securities and requires a change in possession. We find "delivery" encompasses a judicial sale of securities and is grounds for an interlocutory appeal. We conclude the court's orders to sell the estates' stock are interlocutorily appealable by right.

*Id.* at 760–61.

Unlike the situation in *Koch,* none of the corpus in the Burosh Living Trust is being sold. Rather, the substance of the Trust is remaining in the Trust. The court is simply ordering a new trustee take over management of the Trust. Theoretically that order could be reversed on final judgment from Judith's complaint and Whitezel's counter-complaint, as the court could at that time order Whitezel reinstated as

the trustee without serious legal or financial ramifications. *Cf. id.* This appeal was not permitted under App. R. 14(A)(3), *see Hogan,* 582 N.E.2d at 825, and we must dismiss for lack of jurisdiction. *See Bayless,* 580 N.E.2d at 966.

Dismissed.

SHARPNACK, J., and BAILEY, J., concur.

