**FILED**

Apr 14 2014, 9:25 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court



# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JAMES R. WILLIAMS**
**MATTHEW L. KELSEY**
DeFUR • VORAN LLP
Muncie, Indiana

ATTORNEY FOR APPELLEE:

**ADAM J. SEDIA**
Rubino Ruman Crosmer & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BALL STATE UNIVERSITY, )<br>)<br>  Appellant-Defendant, )<br>)<br>  vs. )<br>)<br>JENNIFER IRONS, )<br>)<br>  Appellee-Plaintiff, )<br>_____)<br>)<br>IN RE THE MARRIAGE OF: )<br>)<br>JENNIFER IRONS, )<br>)<br>  Wife, )<br>)<br>  and, )<br>)<br>SCOTT IRONS, )<br>)<br>  Husband. ) | No. 45A03-1307-DR-296 |

April 14, 2014

OPINION - FOR PUBLICATION

BARNES, Judge

## Case Summary

Ball State University ("BSU") appeals the trial court's order to release the college transcript of Jennifer Irons's child, Jordan. We dismiss.

## Issue

We address one dispositive issue, which we restate as whether this court has jurisdiction over BSU's appeal.[1]

## Facts

Jennifer Irons and Scott Irons were married in 1992, and a dissolution decree was entered in 1994. One child, Jordan, was born to the couple. In May 2011, Jennifer filed a petition for modification, seeking in part an order that Scott contribute to Jordan's college expenses. Jordan attended BSU starting in the fall of 2011. However, Jordan withdrew from BSU in February or March of 2012, leaving an unpaid tuition balance. After various continuances regarding the petition for modification, a hearing was held in

---

[1] In her Appellee's Brief, Jennifer requested appellate attorney fees under Indiana Code Section 31-15-10-1(a). Under this statute, "[j]urisdiction rests with the trial court to determine if an award of appellate attorney fees is appropriate." Goodman v. Goodman, 754 N.E.2d 595, 603 (Ind. Ct. App. 2001). Consequently, this issue is more properly raised with the trial court.

December 2012. Jennifer requested that Scott contribute to Jordan's college expenses and pay BSU's unpaid tuition. The trial court took the matter under advisement.

On January 24, 2013, Jennifer moved to join BSU as a supplemental defendant. Jennifer advised that Jordan had been unable to obtain her transcripts from BSU and enroll in Indiana University Northwest ("IUN") because of the unpaid tuition. According to Jennifer, the trial court was "unable to fully adjudicate the issues and afford complete relief, as future college expenses cannot be completely determined until the child completes her enrollment at [IUN], which requires the release of the child's transcripts from Ball State University." App. pp. 96-97. On February 22, 2013, the trial court granted the request to join BSU and ordered Jennifer to serve BSU with the order. On May 3, 2013, BSU filed a motion to dismiss with prejudice the claim against it, arguing that Jordan had no right to her transcripts unless she paid the balance on the tuition. After a hearing on BSU's motion, the trial court entered the following order:

> 5. BSU has a policy whereby it withholds the release of a student's transcript if there remains an unpaid tuition balance. And so it goes in this case. Jordan has requested a copy of her transcript so that she may enroll at IUN but BSU refuses to provide it. IUN will not enroll Jordan without a copy of her transcript. As such, Jordan is stuck in limbo. Likewise this situation leaves the court in a quandary since future college expenses cannot be completely determined until Jordan enrolls at a specific institution. Whether it be IUN or some other institution the court, not having a crystal ball, needs to know the amount of college expense expected so that the court may factor that information into a decision regarding, amongst other factors, the parties['] ability to contribute.

3

6.  An order was entered on February 22, 2013 adding BSU as a Defendant herein. This was done pursuant to TR 19 since BSU is an indispensable remedy defendant.

* * * * *

10. Neither party has cited any Indiana case law or statute on this issue. BSU cites a federal bankruptcy case from a Wisconsin district court which this court does not find persuasive on the issue in this case. As such, this is apparently an issue of first impression.

11. Further, the legislature has not created a statutory lien that would allow a university to withhold a student's transcript for failure to pay tuition. The legislature's silence on this subject suggests that our legislature has chosen not to bestow a state university with this sort of remedy. . . . If the legisla[ture] wanted to grant BSU a lien on their transcript it could. In the instant case, BSU has no retaining lien.

* * * * *

13. Importantly, BSU is not without a remedy as it has the ability to follow normal collection procedures including filing a complaint to collect the alleged outstanding debt, if any.

App. pp. 121-24. The trial court denied BSU's motion to dismiss and ordered it to release Jordan's transcript. BSU appealed the trial court's order, and Jennifer filed a motion to dismiss. Jennifer argued that the order was interlocutory and that BSU was required to have the order certified under Indiana Appellate Rule 14(B). BSU filed a response, arguing that it properly filed the appeal under Indiana Appellate Rule 14(A), which governs interlocutory appeals of right.

4

## Analysis

Appeals from interlocutory orders are not allowed without specific authority granted by the constitution, statute, or rules of court. Whitezel v. Burosh, 822 N.E.2d 1088, 1090 (Ind. Ct. App. 2005). We must strictly construe authorizations for interlocutory appeals. Id. Any attempt to perfect an appeal without such authorization warrants a dismissal. Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), trans. denied.

BSU argues that we have jurisdiction over this appeal under Indiana Appellate Rule 14(A)(3), which governs interlocutory appeals as of right and allows such an appeal from any order "[t]o compel the delivery or assignment of any securities, evidence of debt, documents or things in action."[2] Our supreme court has held that this rule applies to "trial court orders which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on." State v. Hogan, 582 N.E.2d 824, 825 (Ind. 1991) (discussing a prior version of the rule). The court held that the "rule is not designed to create an appeal as of right from every order to produce documents during discovery." Id.

We further discussed this rule in Scroghan, where we noted that "Rule 14(A)(3) pertains to the delivery of documents where 'delivery imports a surrender.'" Scroghan, 801 N.E.2d at 194 (quoting Cua v. Morrison, 600 N.E.2d 951, 955 (Ind. Ct. App. 1992),

---

[2] We note that this appeal does not qualify as a discretionary interlocutory appeal under Indiana Appellate Rule 14(B) because the order was not certified by the trial court. The order was also not a final judgment because it did not dispose of all claims as to all parties and the trial court did not expressly direct the entry of final judgment as to Ball State pursuant to Indiana Trial Rule 54(B). Finally, we note the dissent's argument regarding Indiana Appellate Rule 14(A)(8). However, that rule was not mentioned in either Jennifer's motion to dismiss or BSU's response.

<u>trans. denied</u>). "Surrender may occur with such items as securities, receipts, deeds, leases, or promissory notes." <u>Id.</u> "'It is easy to see that the administration of justice might be seriously embarrassed, and vexatious delays secured, if appeals could be taken in every case where a written instrument is ordered to be produced for use as evidence on the trial of the cause.'" <u>Id.</u> (quoting <u>Cua</u>, 600 N.E.2d at 953). Thus, to seek an interlocutory appeal as of right for the delivery of a document under Rule 14(A)(3), we found that "the delivery of the document must import a surrender of the document." <u>Id.</u>

BSU argues that Appellate Rule 14(A)(3) applies because the trial court's order compelled the delivery of a document—Jordan's official transcript. According to BSU, the delivery is a "surrender" because it "serves to dispose of all claims and relief sought against Ball State." Appellant's Response In Opposition to Appellee's Motion to Dismiss p. 4.

We conclude that the order does not fall under Appellate Rule 14(A)(3). The delivery of Jordan's official transcript does not "import a surrender" as contemplated by the rule. Whether the delivery disposes of all claims and relief sought against BSU does not determine whether a surrender has occurred. The term surrender means "to give up completely or agree to forgo especially in favor of another." MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/surrender (last visited February 21, 2014). Giving Jennifer a copy of Jordan's official transcript does not remove the official transcript from BSU's control. Also, as noted by the trial court, Ball State is in no way precluded from attempting to recover the unpaid tuition. The transcript simply is not like the irreplaceable documents—securities, receipts, deeds, leases, or promissory notes—

6

mentioned in <u>Scroghan</u>. <u>See, e.g.</u>, <u>Scroghan</u>, 801 N.E.2d at 194 (holding that documents sought in discovery were not "documents" as contemplated by Appellate Rule 14(A)(3)).

Although BSU did not have a right to appeal the trial court's order compelling the delivery of the transcript under Appellate Rule 14(A)(3), it could have asked the trial court to certify the order for an interlocutory appeal pursuant to Appellate Rule 14(B). Because BSU failed to have the order properly certified, we must dismiss this appeal.

## Conclusion

This appeal was not properly brought under Appellate Rule 14(A)(3). Consequently, we dismiss the appeal.

Dismissed.

ROBB, J., concurs.

BROWN, J., concurs in part and dissents in part with separate opinion.

_____

# IN THE
# COURT OF APPEALS OF INDIANA

_____

BALL STATE UNIVERSITY, )
      )
    Appellant-Defendant, )
      )
      vs. )    No. 45A03-1307-DR-296
      )
JENNIFER IRONS, )
      )
    Appellee-Plaintiff. )
_____)
      )
IN RE THE MARRIAGE OF: )
      )
JENNIFER IRONS, )
      )
    Wife, )
      )
      and, )
      )
SCOTT IRONS, )
      )
    Husband. )

_____

**BROWN, Judge, concurring in part and dissenting in part**

I concur with the majority's denial of Jennifer's request for appellate attorney's fees but respectfully dissent from the majority's conclusion that the order does not constitute an interlocutory appeal of right. As the majority notes, Ind. Appellate Rule 14(A)(3) provides an appeal as a matter of right when the appealed order "compel[s] the delivery or assignment of any securities, evidence of debt, documents or things in

8

action." Here, the appealed order does exactly that – compels the delivery of a document – by requiring BSU to immediately release an official transcript while admittedly tuition debt remains due and owing.

Jennifer argues that delivery of the transcript is not a "surrender" and is being sought only in discovery as a means of prosecuting litigation. Appellee's Motion to Dismiss at 3 (citing <u>Allstate Ins. Co. v. Scroghan</u>, 801 N.E.2d 191 (Ind. Ct. App. 2003), <u>trans.</u> <u>denied</u>). In that case, Scroghan was a traffic accident victim who was injured by an uninsured motorist. 801 N.E.2d at 192. Scroghan had an uninsured motorist policy with Allstate and sued Allstate for failure to pay him the policy limits. <u>Id.</u> Scroghan served Allstate with a voluminous request for production of documents, to which Allstate objected, and Scroghan moved to compel. <u>Id.</u> at 192-193. The trial court partially granted Scroghan's motion to compel. <u>Id.</u> at 193. Allstate appealed such discovery order, and this court analyzed whether the discovery order was appealable under Ind. Appellate Rule 14(A)(3). <u>Id.</u> at 193-194.

I do not see <u>Allstate</u> as a barrier to the hearing of this appeal. BSU is not simply appealing a discovery order which requires parties to a lawsuit to produce documents which could be used as evidence at trial. The appealed order is a dispositive order as to BSU as it serves to dispose of all claims and relief sought against BSU.

Jennifer conceded in her motion to dismiss filed with this court that the purpose of Rule 14(A)(3) is "to provide for appeals of orders 'which carry financial and legal consequences similar to those more often found in final judgments.'" Appellee's Motion to Dismiss at 3 (quoting <u>Cua v. Morrison</u>, 600 N.E.2d 951, 954 (Ind. Ct. App. 1994),

9

trans. denied).  The order to release the transcript carries legal consequences because, as asserted by BSU: (1) Jordan has no right to her transcript because her tuition balance remains unpaid; (2) Jordan breached her contract with BSU and payment of an outstanding tuition balance is a valid prerequisite to obtaining a transcript from an institution of higher education; and (3) the appealed order declares that BSU has no common law lien against the transcript.  Contrary to Jennifer's assertion, BSU does not "lose[] nothing" by turning over the transcript to her.  Id.  Jennifer acknowledges the unpaid tuition obligation, and the appealed order determines the legal issues raised by BSU and involves an important public issue regarding the rights of public universities.

Further, unlike the cases of Hogan and Scroghan cited by the majority, the present case involves a supplemental defendant.  In W. Union Tel. Co. v. Locke, the Indiana Supreme Court discussed a statute that allowed an appeal from an interlocutory order for "the delivery or assignment of any instrument of writing, evidences of debt, documents, or things in action," and held that it would be "a great injustice to the public and a burden to the courts, for it would enable litigants to take many appeals in a single cause."  107 Ind. 9, 13-15, 7 N.E. 579, 582-583 (1886).  Given that the order disposes of all claims and relief sought against BSU as a supplemental defendant, I find that the concern in Locke that a party could "take many appeals in a single cause" is not present here.[3]

---

[3] Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if "it disposes of all claims as to all parties" or "the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties . . . ."  Under these rules, the fact that the appealed order is dispositive as to BSU does not make the order a final judgment, but I find that the fact that the order is dispositive

10

Under the circumstances, I would conclude that BSU could take an interlocutory appeal as a matter of right under Appellate Rule 14(A)(3).

In addition, even if the court's order does not fall under Rule 14(A)(3), the appeal also involves an appeal of right under Appellate Rule 14(A)(8), which provides that "[a]ppeals from the following interlocutory orders are taken as a matter of right . . . (8) Transferring or refusing to transfer a case under Trial Rule 75 . . . ." In its motion to dismiss with prejudice, BSU argued that the proper and preferred venue for issues involving Jordan's unpaid tuition balance and release of transcripts is in the Circuit Courts of Delaware County, Indiana, the location of BSU and where such tuition costs were incurred. In its order, the trial court stated that BSU did not establish that Delaware County was the proper venue and that Trial Rule 75 provides Lake County with preferred venue. The parties discuss the issue of venue on appeal. While BSU did not rely upon Rule 14(A)(8) in its response in opposition to Jennifer's motion to dismiss, Jennifer's argument that this court lacks jurisdiction to hear the appeal under Rule 14(A)(3) equates to alleging that this court does not have subject matter jurisdiction and, accordingly, she has the burden of establishing that jurisdiction does not exist. See generally Ramsey v. Moore, 959 N.E.2d 246, 248 (Ind. 2012) ("We hold that because the trial court's order is not a final appealable judgment, there is no subject matter jurisdiction to hear the appeal."); GKN Co. v. Magness, 744 N.E.2d 397, 404 (Ind. 2001) ("As a general proposition, the party challenging subject matter jurisdiction carries the burden of

with respect to BSU is relevant to the determination of whether the appeal is one of right under Rule 14(A)(3).

11

establishing that jurisdiction does not exist."). Given that Jennifer has this burden, that the issue regarding venue is raised by BSU in its appellant's brief, and further that we prefer to decide cases on their merits, I would find that there are two bases for bringing an interlocutory appeal as a matter of right and would address the merits of the appeal. For these reasons, I respectfully dissent from the dismissal of BSU's appeal.