ATTORNEYS FOR APPELLANT
James R. Williams
Matthew L. Kelsey
Muncie, Indiana

ATTORNEYS FOR AMICUS CURIAE
SUPPORTING BALL STATE UNIVERSITY'S
PETITION TO TRANSFER
Maureen B. Moss
Jane Dall Wilson
Faegre Baker Daniels LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

Sandra Moreno Garcia
Lake Station, Indiana

ATTORNEYS FOR AMICUS CURIAE
OF THE LAKE COUNTY BAR, FAMILY
LAW AND JUVENILE SECTION
Debra Lyn Dubovich
Family Law and Juvenile Section
Merrillville, Indiana

George P. Galanos
Family Law and Juvenile Section
Crown Point, Indiana

_____

# In the
# Indiana Supreme Court



FILED
Mar 18 2015, 9:15 am
CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 45S03-1503-DR-134

BALL STATE UNIVERSITY,

*Appellant (Defendant below),*

v.

JENNIFER IRONS,

*Appellee (Plaintiff below).*

_____

IN RE THE MARRIAGE OF:

JENNIFER IRONS,

*Wife (Plaintiff below),*

and

SCOTT IRONS,

*Husband (Defendant below).*

_____

Appeal from the Lake Circuit Court, No. 45C01-1106-DR-543
The Honorable George C. Paras, Judge
The Honorable Robert G. Vann, Magistrate
_____

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-1307-DR-296
_____

**March 18, 2015**

**Rucker, Justice.**

Ball State University attempted to appeal a trial court order joining the University as a party-defendant to this post-dissolution action and compelling the University to release a student's transcript. The Court of Appeals dismissed the appeal on grounds that this is not an appropriate interlocutory appeal and thus it lacked jurisdiction to entertain the action. We conclude this is an appeal of right under Indiana Appellate Rule 14(A)(3). Therefore we accept jurisdiction. On the merits, we reverse the judgment of the trial court.

**Facts and Procedural History**

Jennifer Irons ("Mother") and Scott Irons ("Father")[1] were married in 1992. A daughter Jordan ("Daughter") was born as a result of the marriage which was dissolved in 1994. The trial court awarded Mother primary care and custody of Daughter, awarded Father what was then referred to as "visitation" (now "parenting time") and ordered Father to pay child support in the amount of sixty-five dollars per week. In 2011, after Daughter enrolled at Ball State University, Mother filed a petition to modify child support and requested among other things that Father pay Daughter's postsecondary educational expenses. Daughter attended Ball State for the 2011-2012 school year, but withdrew in February or March 2012 at which time she owed an outstanding tuition bill in excess of $9,000. Thereafter Daughter attempted to enroll at Indiana University Northwest but could not do so without a copy of her official transcript from Ball State. In turn, Ball State would not release the transcript because of the outstanding tuition bill.

_____

[1] Although included as a party pursuant to Appellate Rule 17(A), Father did not participate in this appeal.

Seeking to add Ball State to this action and compel the University to release Daughter's transcript, in January 2013 Mother filed a "Motion to Join Supplemental Defendant and Order Release of Transcripts." App. at 96. In part the motion declared the trial court would be "unable to fully adjudicate the issues and afford complete relief, as future college expenses cannot be completely determined until the child completes her enrollment at Indiana University Northwest, which requires the release of the child's transcripts from Ball State University." Id. at 96-97.

Ball State responded with a motion to dismiss arguing among other things that it was "ready, willing and able to release the transcript as soon as the unpaid tuition balance is satisfied" but it "should not have to appear and defend this action or otherwise entangle itself in the domestic relations issues between the parties." Id. at 104. On February 22, 2013 the trial court entered an order granting Mother's request to join Ball State as a supplemental defendant on the grounds of Indiana Trial Rule 19 because, according to the trial court, "BSU is an indispensable remedy defendant." Id. at 121; see also Id. at 98. After a hearing the trial court on August 2, 2013 entered an order which reads in part:

> 2.       [Mother] currently has pending before this court a Petition for Modification that includes a request for contribution from [F]ather payment for future college expenses as well as repayment of past college expenses for the parties' daughter. . . .
>
> * * *
>
> 4.       In the fall of 2012, [Daughter] attempted to enroll at [IUN]. IUN would not let [Daughter] enroll without first providing a copy of her transcript from BSU.
>
> 5.       BSU has a policy whereby it withholds the release of a student's transcript if there remains an unpaid tuition balance. And so it goes in this case. [Daughter] has requested a copy of her transcript so that she may enroll at IUN but BSU refuses to provide it. IUN will not enroll [Daughter] without a copy of her transcript. As such, [Daughter] is stuck in limbo. Likewise this situation leaves the court in a quandary since future college expenses cannot be completely determined until [Daughter] enrolls at a specific institution. Whether it be IUN or some other institution the court, not having a crystal ball, needs to know the amount of college expense expected so that the court may factor that information into

3

a decision regarding, amongst other factors, the parties['] ability to contribute.

* * *

13.    Importantly, BSU is not without a remedy as it has the ability to follow normal collection procedures including filing a complaint to collect the alleged outstanding debt, if any.

IT IS THEREFORE ORDERED that BSU's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that BSU is to release the transcript .

. . .

Id. at 120-21, 124.

Ball State appealed and Mother filed a motion to dismiss arguing the appeal was an impermissible interlocutory appeal. Ball State countered the appeal was an interlocutory appeal of right. In a divided opinion, the Court of Appeals dismissed Ball State's appeal without reaching the merits, holding instead that it was not an appropriate interlocutory appeal as of right under Appellate Rule 14(A)(3) and thus it lacked jurisdiction to entertain this action. Ball State Univ. v. Irons, 6 N.E.3d 1035 (Ind. Ct. App. 2014). We now grant Ball State's petition to transfer thereby vacating the Court of Appeals' dismissal of Ball State's appeal. See Ind. Appellate Rule 58(A). Addressing the merits of Ball State's claim, we reverse the judgment of the trial court.

## Discussion

### I. Jurisdiction

Because the relevant facts in this case are not in dispute we review de novo the threshold question of whether there is jurisdiction to entertain this appeal. Ramsey v. Moore, 959 N.E.2d 246, 250 (Ind. 2012). The appellate authority of this Court as well as the Court of Appeals is "generally limited to appeals from final judgments." Id. at 251 (quotation and citation omitted). However, our Rules of Appellate Procedure also confer appellate jurisdiction over non-final interlocutory appeals pursuant to Appellate Rule 14. There are three ways a case may proceed as

4

an interlocutory appeal: an interlocutory appeal of right (Rule 14(A)); a discretionary interlocutory appeal (Rule 14(B)); or an interlocutory appeal from an order granting or denying class-action certification (Rule 14(C)). Ball State contends its appeal was properly pursued as an interlocutory appeal of right under Appellate Rule 14(A)(3). That rule provides in relevant part:

> A. Interlocutory Appeals of Right. Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the Clerk within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary:
>
> * * *
>
> 3. To compel the delivery or assignment of any securities, evidence of debt, documents or things in action . . . .

App. R. 14(A)(3). To be sure this Rule is not "designed to create an appeal as of right from every order to produce documents during discovery." State v. Hogan, 582 N.E.2d 824, 825 (Ind. 1991). Nonetheless the Rule does involve court orders "which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on." Id. (discussing former Appellate Rule 4(B)(1) which was similarly worded). The question here is whether the judgment of the trial court directing Ball State to release Daughter's transcript is such an order. Under the facts of this case we believe it is.

Ball State maintains it has a common law lien over Daughter's transcript and may not be compelled to release the transcript absent payment of the unpaid tuition balance. Generally, a "'lien' is a claim which one person holds on another's property as a security for an indebtedness or charge." Hubble v. Berry, 103 N.E. 328, 330 (Ind. 1913); see also Black's Law Dictionary 1006 (10th ed. 2014) (defining lien as a "legal right or interest that a creditor has in another's property, lasting usually until a debt or duty that it secures is satisfied."). Several types of liens have been codified in Indiana. See generally Ind. Code article 32-28 ("Liens on Real Property); Ind. Code article 32-33 ("Liens on Personal Property"). But common law liens have not been abolished. See Hendrickson & Sons Motor Co. v. Osha, 331 N.E.2d 743, 755 (Ind. Ct. App.

5

1975) (noting "the possessory lien statute did not abrogate the garageman's common law lien, but rather was declaratory of the common law and provided the lienholder additional remedies").

In Indiana, a common law lien is "a lien against real or personal property that is not: (1) a statutory lien; (2) a security interest created by agreement; or (3) a judicial lien obtained by legal or equitable process or proceedings." Ind. Code § 32-28-13-1.[2]  In order to create a common law lien, two elements are necessary:  debt and possession. Terpstra v. Farmers & Merchants Bank, 483 N.E.2d 749, 755 (Ind. Ct. App. 1985).  Exclusive and independent possession is essential to the existence of such a lien. Id. One may then choose to enforce a common law lien by following the procedures in Indiana Code chapter 32-28-13.[3]

Here there is no question that Ball State retains exclusive and independent possession over a transcript which it declines to release because of an outstanding debt.  Ball State thus has satisfied the prerequisites for establishing a common law lien.   In turn, common law liens are much like securities.  And the trial court's order directing Ball State to release the transcript to Daughter thereby forfeiting its lien carries "financial and legal consequences akin to those more typically found in final judgments." Hogan, 582 N.E.2d at 825.  The order was thus appealable as of right under Appellate Rule 14(A)(3). Accord Grimes v. Crockrom, 947 N.E.2d 452, 453 n.1 (Ind. Ct. App. 2011) (asserting jurisdiction under Rule 14(A)(3) where trial court entered an order directing attorney to produce medical records over which the attorney asserted a common law retaining lien).

## II.  The Merits of Ball State's Claim

Responding to Mother's motion to join Ball State as a supplemental defendant Ball State argued among other things that it "should not have to appear and defend this action or otherwise entangle itself in the domestic relations issues between the parties." App. at 104.  The trial court

[2] Indiana Code chapter 32-28-13 does not create a common law lien.  I.C. § 32-28-13-4.  The person asserting the lien must still prove the existence of the lien under Indiana common law. Id.

[3] Though Indiana Code chapter 32-28-13 is entitled "Liens on Real Property," Indiana Code section 32-33-18-1 relating to "Liens on Personal Property" reads:  "The procedures for filing and releasing common law liens on personal property are governed by IC 32-28-13."

disagreed ruling that Ball State was an "indispensable remedy defendant" under the provisions of Indiana Trial Rule 19. App. at 121. The Rule provides in relevant part: "A person who is subject to service of process shall be joined as a party in the action if: . . . in his absence complete relief cannot be accorded among those already parties." Ind. Trial R. 19(A).

This Court has not addressed the standard of review over a trial court's decision to join parties under Trial Rule 19. Our Court of Appeals has previously considered this issue in Rollins Burdick Hunter of Utah, Inc. v. Bd. of Trustees of Ball State Univ., 665 N.E.2d 914 (Ind. Ct. App. 1996). After examining federal case authority discussing the analogous federal rule, the court determined an abuse of discretion standard is appropriate. This is because:

> The rule governing joinder of parties does not set forth a rigid or mechanical formula for making the determination, but rather is designed to encourage courts to apprise themselves of the practical considerations of each individual case in view of the policies underlying the rule. Therefore, we employ a fact-sensitive, flexible analysis. The burden of proving that joinder is necessary rests with the party asserting it.

Id. at 920 (citations omitted). We now adopt this standard and its reasoning.

Here, Mother argues Ball State was a necessary party because she would not otherwise be entitled to complete relief on her petition to modify support which included payment from Father of "future college expenses" and payment "to Ball State of unpaid fees." App. at 96. To be clear: the payment Mother was requesting was from Father. It was Mother's burden to demonstrate that joinder of Ball State was necessary to resolve her claims. Mother does not contend Ball State was necessary to resolve the amount of unpaid fees owed to Ball State. Joinder then turns on whether Ball State was a necessary party to determine future education expenses. The record is devoid of any evidence that Mother attempted to obtain financial information from IUN or any other source before seeking to join Ball State in this action. There is also nothing in the record before us suggesting that without Ball State as a party, Mother would be unable to provide the trial court information relating to future college expenses at IUN or any other institution for that matter. "Neither the rules of trial procedure nor the dissolution of marriage statutes are so broad as to require third parties to be dragged into marriage dissolution

7

proceedings by their heels and there compelled to litigate issues that are but tangential to that cause of action." State ex rel. Stanton v. Super. Ct. Lake Cnty., 355 N.E.2d 406, 408 (Ind. 1976). Mother has not carried her burden in demonstrating that Ball State was a necessary party under Trial Rule 19. The trial court thus abused its discretion in granting Mother's motion for joinder.

## Conclusion

We reverse the trial court's order granting Mother's Motion to Join Supplemental Defendant and Order Release of Transcript. We remand this cause with instructions to the trial court to enter an appropriate order dismissing Ball State University from this action.

Rush, C.J., and Dickson, David and Massa, JJ., concur.