

FILED

Apr 18 2018, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Benjamin D. Ice
William A. Ramsey
Barrett McNagny, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Christopher Bandemer
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: The Matter of the
Paternity of S.R.W., By Next
Friend,
Michele Renee Bessette, a/k/a
Michele Renee Wright Bessette,
a/k/a Michele Renee Wright,

*Appellant-Petitioner,*

v.

Bradley Turflinger,

*Appellee-Respondent.*

April 18, 2018

Court of Appeals Case No.
02A05-1711-JP-2778

Appeal from the Allen Superior
Court

The Honorable Daniel G. Pappas,
Special Judge

Trial Court Cause No.
02D07-0102-JP-87

**Barnes, Judge.**

## Case Summary

Michele Renee Bessette ("Mother") appeals the trial court's denial of her motion for change of judge in this parenting time dispute with Bradley Turflinger ("Father"). We affirm.

## Issue

Mother raises one issue, which we restate as whether the trial court properly denied her motion for change of judge pursuant to Indiana Trial Rule 76(C)(3). Father cross-appeals, arguing that Mother's appeal should be dismissed as an improper interlocutory appeal.

## Facts

Mother and Father are the parents of S.R.W., who was born in January 2001. S.R.W. lives with Mother in Indiana, and Father lives in Minnesota. Mother and Father have joint legal and physical custody, with Father exercising parenting time according to the distance-based guidelines. The parties have had numerous significant disagreements and contempt proceedings over custody, parenting time, and support. In March 2014, the trial court found Mother in contempt and sentenced her to "sixty (60) days in the Allen County Confinement Facility, suspended on the condition that she abide by the Orders of the Court as set forth herein, and all other prior Orders of the Court that do not conflict with this Order." Appellant's App. Vol. II p. 49.

In 2015, Father filed additional contempt proceedings against Mother. The trial court found Mother in contempt twice. In December 2016, the trial court

held a hearing on sanctions for the contempts. The trial court ordered Mother to serve thirty days of her previously suspended sentence, ordered her to serve two thirty-day sentences for her new contempt findings, and suspended the new thirty-day sentences upon the condition that she strictly comply with the trial court's parenting time order and upon the condition that she pay $5,000 in attorney fees to Father's counsel within ninety days. Mother was then taken into custody to serve the first thirty-day previously-suspended sentence.

[5] Mother appealed, and we affirmed in part, vacated in part, and remanded to the trial court. On appeal, Mother challenged the trial court's imposition of thirty days of incarceration and the two new suspended sentences. Mother did not challenge the condition that she pay $5,000 in attorney fees to Father's attorney. We held that the thirty-day incarceration was "punitive" and vacated that portion of the order. *In re Paternity of S.R.W.*, No. 02A05-1701-JP-144, slip op. at 14 (Ind. Ct. App. Sept. 29, 2017). We affirmed the imposition of the two thirty-day suspended sentences, but instructed the trial court to "revise its order, striking the modifiers 'strict' and 'strictly' and conditioning execution of Mother's suspended sentences only upon willful non-compliance with its orders." *Id.* at 16-17.

[6] After remand to the trial court, Father filed a motion for an injunction to prevent Mother from changing S.R.W.'s schooling for the 2017/2018 school year, a verified petition for rule to show cause, a motion to modify support, and a motion for proceedings supplemental. A January 2017 motion to reinstate Mother's jail sentence also remained pending. Mother filed a motion to change

judge pursuant to Indiana Trial Rule 76(C)(3). The trial court issued the following order addressing Father's January 2017 motion to reinstate Mother's jail sentence and Mother's motion for a change of judge:

1. "In a paternity action, Ind. Trial R. 76(B) allows a party to make one change-of-judge request before entry of a final decree and one change-of-judge request in connection with a petition to modify that decree." *In Re V.A.*, 10 N.E.3d 61, 64 (Ind. Ct. App. 2014). Neither [Mother] nor [Father] timely requested a change of judge prior to the entry of the final decree in this paternity case entered on April 20, 2001. Accordingly, both parties waived their first opportunity for a change of judge.

2. Subsequently, [Mother] timely requested a change of judge on October 28, 2013, and Special Judge Daniel G. Pappas was appointed by the Clerk as a special judge in this cause on December 5, 2013. Accordingly, [Mother] exercised her second opportunity for a change of judge and is not entitled to . . . another change of judge for prospective pleadings filed in this cause pursuant to Ind. Trial Rule 76(B). (*See also* Ind. Trial R. 79(1).)

3. However, referring to Ind. Trial R. 76(C)(3), [a] third opportunity to request a change of judge arises in cases where the trial court or a reviewing court orders a new trial, or where a reviewing court remands a case such that a further hearing and new evidence must be heard. *In Re V.A.* at p. 64. In its extant memorandum decision, the Court of Appeals found that the trial court abused its discretion in executing the initial thirty (30) day sentence because the appellate court determined it to be punitive not coercive as required. Accordingly, the Court of Appeals vacated [Mother's] initial thirty (30) day executed sentence imposed by the trial court. No further proceedings are required concerning the Court's 30-day executed sentence order. The trial

court's executed sentence of thirty (30) days is now void and conclusive between the parties.

4. The Court of Appeals passed no judgment regarding the length of the two (2) pending thirty (30) day suspended sentences. No evidence has been received to determine whether or not [Mother] has met the conditions to purge herself of these two (2) contempt findings or, in the alternative, whether further coercive orders are required. Further, the Court of Appeals remanded with instructions and directed the trial court to revise its contempt purge conditions for these two (2) contempt findings by striking strict and strictly from its order and conditioning [Mother's] suspended sentences only upon willful non-compliance with its orders. No new trial is required and no reconsideration of previously received evidence is required on remand. Rather, the appellate court has rendered its decision and provided specific instructions to the trial court to amend its contempt-purge conditions.

5. [Mother's] Motion for Change of Judge filed October 11, 2017 should be denied.

C. Based upon the above findings, the Court orders as follows:

1. [Mother's] Motion for Change of Judge filed on October 11, 2017, is overruled and denied.

3. [FATHER'S] MOTION T0 REINSTATE MOTHER'S JAIL SENTENCE FILED JANUARY 18,2017:

A. The Court finds that [Father's] Motion to Reinstate Mother's Jail Sentence filed January 18, 2017 is moot, as the Indiana Court of Appeals vacated the trial court's decision which had ordered [Mother] to serve thirty (30) days executed in the Allen

County Confinement Facility for Mother's failure to purge herself of her contempt found by the Court in its March 14, 2014 Order of the Court.

B. The Court therefore orders that [Father's] Motion to Reinstate Mother's Jail Sentence filed January 18, 2017 is dismissed.

4. AMENDED CONTEMPT PURGE CONDITIONS:

A. The Court hereby amends Paragraph 2.E. of its Order of the Court dated December 20, 2016, in accordance with instructions from the Indiana Court of Appeals, to now read as follows:

For her contempt found in Paragraph 2.A. of the Order of the Court dated August 31, 2015, Mother is ordered to serve thirty (30) days in the Allen County Confinement Facility, which order of confinement is suspended upon the condition that she comply with the parenting time orders of the Court until she is no longer subject to a parenting time order, and upon the condition that she pay the attorney fee award set forth below.

For her contempt found in Paragraph 3.A. of the Order of the Court dated August 31, 2015, Mother is ordered to serve thirty (30) days in the Allen County Confinement Facility, which order of confinement is suspended upon the condition that she comply with the parenting time orders of the Court until she is no longer subject to a parenting time order, and upon the condition that she pay the attorney fee award set forth below.

[Mother] may be purged of the aforesaid 30-day suspended confinement orders by her compliance with the parenting time orders of the Court, and the payment of $5,000.00 in attorney fees to Father's counsel, Christopher Bandemer, within ninety

(90) days of this Order. An attorney fee judgment is entered in favor of said Christopher Bandemer and against Mother.

\* \* \* \* \*

Appellant's App. Vol. II pp. 31-33. Mother now appeals.

## Analysis

Before addressing Mother's argument, we note that Father argues Mother's interlocutory appeal is improper. Our appellate authority is "generally limited to appeals from final judgments." *Ball State Univ. v. Irons*, 27 N.E.3d 717, 720 (Ind. 2015). "However, our Rules of Appellate Procedure also confer appellate jurisdiction over non-final interlocutory appeals pursuant to Appellate Rule 14." *Id.* "There are three ways a case may proceed as an interlocutory appeal: an interlocutory appeal of right (Rule 14(A)); a discretionary interlocutory appeal (Rule 14(B)); or an interlocutory appeal from an order granting or denying class-action certification (Rule 14(C))." *Id.* Mother argues that her appeal is proper under Indiana Appellate Rule 14(A)(1), which allows an interlocutory appeal as of right where the order is "[f]or the payment of money." According to Mother, the trial court's order required her to pay $5,000 to Father's attorney and is a basis for an interlocutory appeal as of right.

We make two observations regarding Mother's argument. First, Mother raises no argument on appeal regarding the order requiring her to pay $5,000 to Father's attorney. We acknowledge that "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal." *Tom-Wat, Inc. v.*

*Fink*, 741 N.E.2d 343, 346 (Ind. 2001). However, the purpose of allowing appeals for the payment of money is to provide a remedy to parties compelled to part with money which is tied up awaiting litigation. *Ferguson v. Estate of Ferguson*, 40 N.E.3d 881, 885 (Ind. Ct. App. 2015). It seems to us to defeat the purpose of allowing such interlocutory appeals if the party does not actually raise an issue regarding the payment of money.

[9] Second, Mother was first ordered to pay the $5,000 in Father's attorney fees in December 2016. Mother appealed that order but did not raise any issue regarding the payment of the attorney fees. The order at issue here merely restated the trial court's earlier order for Mother to pay $5,000 in attorney fees. "The law is well-established that an issue is waived if it was available on the first appeal but was not presented." *Citizens Action Coal. of Indiana, Inc. v. N. Indiana Pub. Serv. Co.*, 582 N.E.2d 387, 391 (Ind. Ct. App. 1991). Consequently, even if Mother had raised an issue regarding the $5,000 payment, we question whether the issue was available in this appeal.

[10] Although we question whether Mother's interlocutory appeal is proper, even if it is allowable, her argument that she was entitled to a change of judge fails. Mother argues that she was entitled to a change of judge pursuant to Indiana Trial Rule 76(C)(3), which provides:

> In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:

* * * * *

(3) if the trial court or a court on appeal orders a new trial, or if a court on appeal otherwise remands a case such that a further hearing and receipt of evidence are required to reconsider all or some of the issues heard during the earlier trial, the parties thereto shall have ten [10] days from the date the order of the trial court is entered or the order of the court on appeal is certified[.]

[11] Mother argues that this court remanded the case such that a further hearing and receipt of evidence was required to reconsider issues. In support of this argument, Mother contends that this court ordered the trial court to modify its orders of suspended sentences, reconsider Mother's future incarceration, and reconsider the contempt finding. Mother also argues that the trial court was required to hear new evidence and reconsider issues when examining the pending motions and Father's motion to reinstate the jail sentence. Father argues that the trial court properly denied Mother's motion for a change of judge under Indiana Trial Rule 76(C)(3) because this court did not order a new trial or order the trial court to conduct further hearings or consider additional evidence.

[12] We agree with Father. In the original appeal, we concluded as follows:

Thus, we conclude that the sanction imposed was punitive. Although a trial court may impose a punitive contempt sanction, it may do so only in criminal contempt proceedings, which involve a variety of additional procedural safeguards that were not present here. We must therefore vacate the punitive incarceration order.

* * * * *

Thus, the authority to fashion a suspended sentence falls squarely within the trial court's inherent coercive and remedial civil contempt power. We therefore affirm the imposition of the suspended sanctions, while passing no judgment on the length of those sentences. Rather, we remind the trial court that any future order of incarceration must be reasonably necessary to garner compliance, as determined at the time the incarceration is imposed.

Finally, Mother points out that the order imposing suspended sentences improperly "presume[s] that any failure to comply with a future order will not only be willful but also will warrant time in jail." Appellant's Br. at 27. The order states that Mother's confinement is "suspended on the condition that she strictly comply with the parenting[-]time orders of the Court," and that she may be purged of her confinement orders "by her strict compliance with the parenting[-]time orders." Appellant's App. Vol. II at 133. We agree that the language requiring strict compliance was over-inclusive, in that prohibiting unwillful actions has no logical coercive effect. Therefore, on remand, we instruct the trial court to revise its order, striking the modifiers "strict" and "strictly" and conditioning execution of Mother's suspended sentences only upon willful non-compliance with its orders.

Conclusion

The trial court abused its discretion in imposing a punitive contempt sanction, and we therefore vacate the order of incarceration. Moreover, although the imposition of suspended sentences was a proper coercive sanction, the trial court abused its discretion in conditioning execution of the sentences on strict compliance with its parenting-time orders. We instruct the trial

court to revise its order, instead conditioning the sentence upon willful non-compliance.

*S.R.W.,* slip op. at 14-17. (internal quotations and footnotes omitted).

[13] On remand, nothing in our opinion required the trial court to conduct a new trial. Moreover, it was unnecessary for the trial court to conduct further hearings or introduce additional evidence to reconsider all or some of the issues heard during the earlier trial. Rather, the trial court only needed to revise its order to comply with our decision. The fact that the trial court had to consider new motions that were filed during or after the appeal is irrelevant to the question of whether Mother was entitled to a change of judge under Trial Rule 76(C)(3). Trial Rule 76(C)(3) allows a change of judge only where a new trial is ordered or the trial court is required to reconsider all or some of the issues heard during the earlier trial. Consideration of new motions will not mandate a change of judge under the rule. We conclude that the trial court properly denied Mother's motion for change of judge.

## Conclusion

[14] The trial court properly denied Mother's motion for a change of judge. We affirm.

[15] Affirmed.

Najam, J., and Mathias, J., concur.