## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas T. Otis
Newby Lewis Kaminski & Jones, LLP
La Porte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of La Porte, *Appellant-Respondent,* | October 26, 2020 |
| | Court of Appeals Case No. 19A-PL-2625 |
| v. | Appeal from the La Porte Circuit Court |
| Christopher A. Throgmorton, *Appellee-Petitioner.* | The Honorable Thomas J. Alevizos, Judge |
| | The Honorable Kim Hall, Special Judge |
| | Trial Court Cause No. 46C01-1803-PL-304 |

**Najam, Judge.**

# Statement of the Case

The City of La Porte ("the City") appeals the trial court's order compelling the disclosure of certain public records pursuant to Christopher Throgmorton's petition under Indiana's Access to Public Records Act ("APRA"), Ind. Code §§ 5-14-3-1 to -10 (2020). The City raises two issues for our review, which we restate as the following dispositive issue: Whether the City's appeal is properly before us.

We dismiss this appeal.

# Facts and Procedural History

In March of 2018, Throgmorton filed his APRA petition against the City requesting the disclosure of certain public records. In particular, Throgmorton requested "case reports or supplemental reports . . . in reference to . . . incidents in which he was subjected to unlawful search and seizure" and records regarding a "[n]o trespass order" covering seven specified dates. Appellant's App. Vol. II at 12 (quotation marks omitted). He specifically identified "13 documents" that had been "withheld" from disclosure by the City under various APRA disclosure exceptions. *Id.* (quotation marks omitted). He then stated that he was seeking "any documents referencing" the incidents on the specified dates. *Id.* at 16.

In its response to Throgmorton's petition, the City asserted that one of its attorneys had generated thirteen pages of documents ("the disputed documents") relating to how local officials should respond to Throgmorton,

who frequently visited and made demands of local officials.[1] The City stated that the disputed documents were not subject to disclosure as they were protected under attorney-client privilege, attorney work-product privilege, and/or as deliberative materials. *Id.* at 24. The City also acknowledged that it had withheld various police incident reports from disclosure under APRA's exception for investigatory records of law enforcement.

[5] On April 10, 2018, the trial court held a hearing on Throgmorton's petition. At that hearing, Throgmorton made clear that he was asking for the disputed documents. Specifically, in a lengthy discussion with the court, he stated that he had been unfairly targeted by the City in the disputed documents, that those documents had led to violations of his civil liberties, and that he believed that APRA gave him the right to review those documents. Tr. at 15-18. He specifically asked for "the 13 documents" and requested clarification as to whether the City was withholding the disputed documents under an attorney privilege or under the investigatory records exception. *Id.* at 18.

[6] The City argued only that all of its withheld documents were withheld under the exception for investigatory records. The City stated that, although it did not think that Throgmorton had properly requested the disputed documents, it had brought them to the hearing for the court to review them *in camera*. The City further informed the court that it was going to disclose all of the requested

---

[1] The disputed documents have been filed with our Court under seal.

documents to Throgmorton until it had learned that he had called the personal cell phone number of a city employee, which he had obtained from another disclosed document. After that, the City declined to disclose any of the requested records.

[7] The trial court requested the City's documents for an *in camera* review, stating, "I'm going to read all of this. I'm going to come up with a response." *Id.* at 39. Throgmorton then again asked if the disputed documents were being withheld as investigatory records. The City did not answer that question directly, but did acknowledge that Throgmorton's records request "relates to anything related" to the incidents on the specified dates. *Id.* at 40.

[8] On May 25, the trial court entered judgment for Throgmorton and directed the City to disclose the requested records ("the final judgment"). In particular, the court found and concluded as follows:

> 2. [The City] has attempted to block disclosure of documentation regarding 7 specific events listed by [Throgmorton].
>
> 3. [The City] relies on IC 5-14-3-4(b)(1) which lists an investigatory record as exempt from disclosure.
>
> * * *
>
> 5. [The City] has failed to meet its burden of showing how these minimal reports are . . . subject to exemption by statute, or alternatively, what is the purpose served by preventing disclosure . . . .

> 6.     This Court finds that simple reports regarding specific conduct are not investigatory records . . . .
>
> IT IS THEREFORE ORDERED that [Throgmorton's] Petition to Compel Disclosure of Public Records is hereby GRANTED. *[The City] shall make available to [Throgmorton] the requested documentation associated with the events regarding pat downs and communications requested by [Throgmorton]* on [the seven specified dates].

Appellant's App. Vol. II at 72-73 (emphasis added). In its judgment, the court did not distinguish the disputed documents from the other requested documents.

[9]     On June 4, the City filed a motion to correct error. Although the City has not included that motion in the record on appeal, in a subsequent filing with the trial court the City described its motion as requesting the court to amend its final judgment to allow the City to withhold police incident reports on three of the specified dates under the APRA exception for investigatory records of law enforcement. *See id.* at 74-75. The City does not suggest that it requested any further clarification from the trial court on the scope of its final judgment with respect to the disputed documents or any other documents.

[10]     On July 10, prior to either a ruling on the motion to correct error or the end of the forty-five-day timeframe within which that motion would be deemed denied by operation of Indiana Trial Rule 53.3(A), the City informed the court that it had produced to Throgmorton the police incident reports that were the subject of the motion to correct error. Accordingly, the City informed the court that it

had "resolve[d] all remaining outstanding issues in this matter." *Id.* at 76. The City thus moved the trial court to "dismiss this case." *Id.*

[11] On July 12, the trial court entered an order in which it denied the City's motion to correct error. In that same order, the court stayed the City's request to dismiss the case[2] and gave Throgmorton thirty days to dispute whether the City had in fact complied with the court's final judgment. Throgmorton filed a timely response thereafter and asserted that he had not received the disputed documents.

[12] Nothing happened in this case over the next fourteen and one-half months. Then, in late October of 2019, Throgmorton communicated by telephone with the court's chief of staff about the case, and the next day the court issued an order to compel against the City directing the City to turn over the disputed documents ("the October 2019 order to compel"). Throgmorton recorded his communications with the court staff and posted those communications on the internet, where the City found them. The City then moved to have the court vacate the October 2019 order to compel, recuse itself from these proceedings, and enter a change of venue from the judge, alleging that the court had engaged in inappropriate *ex parte* communications with Throgmorton on the day prior to issuing the October 2019 order to compel. On November 12, 2019, the City then filed its notice of appeal from the October 2019 order to compel.

---

[2] The trial court never formally ruled on the City's motion to dismiss.

[13]     In December, without a hearing, the trial court issued written findings in which in concluded that there were no improper *ex parte* communications ("the December 2019 order"). Further, even though a notice of appeal had been filed, in that order the court denied the City's request for a change venue from the judge and to vacate the October 2019 order to compel. However, after reaching those conclusions, the court then stated that it recused itself from further proceedings in this matter, after which a special judge was appointed.

## Discussion and Decision

[14]     The City appeals from the October 2019 order to compel. But we conclude that the City's appeal is not properly before us. In its notice of appeal, the City described the October 2019 order to compel as a final judgment. We cannot agree.

[15]     The trial court entered its final judgment in this matter on May 25, 2018, when it granted Throgmorton's petition for public documents and directed the City to disclose those records. Indeed, the City plainly thought as much, as it filed a motion to correct error from that judgment on June 4, 2018. As our trial rules make clear, a motion to correct error "shall be filed not later than thirty (30) days *after the entry of a final judgment . . . .*" Ind. Trial Rule 59(C) (emphasis added).

[16]     An appellant's notice of appeal is due thirty days "after the entry of a Final Judgment is noted in the Chronological Case Summary," or thirty days "after the court's ruling" on a motion to correct error "is noted in the Chronological

Case Summary." Ind. Appellate Rule 9(A)(1). Here, the City filed a motion to correct error and, as such, had thirty days after the trial court ruled on the motion to correct error to file a notice of appeal. The trial court entered its order denying the City's motion to correct error on July 12, 2018, and that order was recorded in the Chronological Case Summary on July 13. Therefore, the City's notice of appeal was due no later than August 12, 2018. The City filed its notice of appeal on November 12, 2019, sixteen months after the court's denial of the motion to correct error. Therefore, the City's appeal is not a timely appeal from a final judgment.

[17] Rather, the City is attempting to bring an interlocutory appeal from the October 2019 order to compel. But the City did not request that the trial court certify the October 2019 order to compel for interlocutory review under Indiana Appellate Rule 14(B), and that order is not appealable as a matter of right under Indiana Appellate Rule 14(A)(3). Rule 14(A)(3) permits an appeal as a matter of right from an interlocutory order to "compel the delivery . . . of any . . . document . . . ." App. R. 14(A)(3). But our Supreme Court has made clear that Rule 14(A)(3) "is not designed to create an appeal as of right from every order to produce documents during discovery." *Ball State Univ. v. Irons*, 27 N.E.3d 717, 721 (Ind. 2015) (quoting *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991)). Rather, Rule 14(A)(3) applies only to interlocutory orders "which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of debt, delivery of securities, and so on." *Id.* (quoting *Hogan*, 582 N.E.2d at 825).

[18]     Here, the disclosure of the public records requested does not carry any more financial and legal consequences than any other documents that one might be compelled to disclose during ordinary discovery. Nor does the fact that this is an APRA lawsuit—where the only issue is the disclosure of documents—affect our analysis. On APRA petitions, the order to compel and the final judgment are nearly always one and the same. However, here, the trial court was required to enter a post-judgment order to compel due to the City's noncompliance with the final judgment. The City's noncompliance with the final judgment does not covert the subsequent order to compel into another final judgment.

[19]     Nonetheless, the City asserts that the trial court's final judgment was unclear with respect to the disputed documents. But the City's argument suffers from two fatal flaws. First, the disputed documents were before the trial court on Throgmorton's petition, and the final judgment was not unclear. The City did not argue to the trial court at the April 2018 hearing that it was withholding the disputed documents under any theory other than the APRA exception for investigatory records of law enforcement, even though Throgmorton repeatedly requested the City to clarify its position with respect to the disputed documents. Throgmorton identified them in his petition, the City acknowledged them in its response, the parties extensively discussed them at the April hearing, the City disclosed them to the court for an *in camera* review, and the court informed the parties that it would review them and rule on them. And the final judgment expressly rejected the City's stated theory for withholding all documents and

then expressly directed the City do disclose its "communications" relating to the specified incidents. Appellant's App. Vol. II at 73. In other words, the trial court's final judgment was categorical and made no exception for the disputed documents.

[20] Second, the City's argument that the final judgment was unclear does not affect the untimeliness of this appeal. If the City thought the final judgment was unclear, the City's remedy was to request clarification by way of a motion to correct error or similar motion in the trial court within an appropriate timeframe or to prosecute a timely appeal. The City did not have the option to assume that the disputed documents were excluded from the final judgment and then, more than sixteen months later, ask our Court to address the merits or scope of that final judgment.

[21] We conclude that the City's appeal from the October 2019 order to compel amounts to a collateral attack on the final judgment and is not properly before us.[3] Therefore, we dismiss this appeal.

[22] Dismissed.

Bradford, C.J., and Mathias, J., concur.

---

[3] We also note that, insofar as the City's challenge to the October 2019 order to compel sought the relief of a new judge, the City has received that relief, and thus the City's argument on that point is moot. And the City's argument that the October 2019 order to compel should be vacated due to the alleged *ex parte* communications is improper for the same reasons stated in this decision.