ALLSTATE INSURANCE COMPANY,
Appellant–Defendant,

v.

Tim L. SCROGHAN, Appellee–Plaintiff.

No. 03A01–0304–CV–00140.

Court of Appeals of Indiana.

Jan. 8, 2004.

Ronald D. Getchey, Luce Forward Hamilton & Scripps, LLP, San Diego, CA, Mark R. Smith, Smith Fisher Maas & Howard, Indianapolis, IN, Attorneys for Appellant.

Richard S. Eynon, David M. Brinley, Eynon Harmon Rocker & Glover, P.C., Columbus, IN, William F. Merlin, Jr., Jerry A. Marvin, Lee D. Gunn, Gunn Merlin P.A., Tampa, FL, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Allstate Insurance Company appeals from the trial court's order requiring it to produce documents, which Allstate claims will cost approximately $12 million to produce. Tim Scroghan, the insured, argues that this Court does not have jurisdiction to hear the case. In response, Allstate claims this is an interlocutory appeal as of right under: (1) Indiana Appellate Rule 14(A)(1), pertaining to the payment of money; (2) Rule 14(A)(3), dealing with orders compelling the production of certain documents; and (3) the holding of *State v. Hogan*, 582 N.E.2d 824 (Ind.1991). Even if we do not have jurisdiction under Rule 14(A), Allstate urges us to exercise our discretion to hear this appeal pursuant to Indiana Appellate Rule 66(B).

Because the discovery order does not pertain directly to the payment of money and because a party only has the right to appeal from an order requiring the production of documents where delivery imports a surrender, we find that this is not an interlocutory appeal as of right under Rule 14(A). In addition, we conclude that *Hogan* does not create additional exceptions to those found in the Appellate Rules. Lastly, because we find that our jurisdiction to hear appeals from interlocutory orders is limited by Rule 14, we decline to hear this appeal pursuant to Indiana Appellate Rule 66(B). Consequently, because we are without jurisdiction, we hereby dismiss this appeal.

### Facts and Procedural History

In October 1997, Michelle Wade, an uninsured motorist, was operating a vehicle that rear-ended a vehicle operated by Jack E. Collins. Collins' vehicle was forced across the centerline, where it struck Scroghan's vehicle head-on. At the time of the collision, Scroghan had an uninsured motorist insurance coverage policy with Allstate. The policy limited bodily injury coverage to $50,000 per person.

Scroghan filed a complaint against Allstate, alleging breach of contract for failing to pay him the uninsured motorist policy limits of $50,000. Scroghan subsequently amended the complaint to add a bad faith claim as well as a request for punitive damages. Thereafter, Scroghan served Allstate with a request for production of documents. The request sought:

6. All documents relating to bad faith claims or lawsuits filed against defendant, Allstate Insurance Company, arising out of uninsured claims initiated by Allstate's own insureds since 1990.

. . . .

43. All documents pertaining to prior depositions and affidavits, including bad faith claim litigation, since 1990 of

Allstate's: (a) Adjusters and supervisors; and (b) Company officers.

Appellant's App. p. 205, 217. Allstate objected to requests 6 and 43 on the grounds of relevance and undue burden. Scroghan moved to compel discovery against Allstate, including requests 6 and 43. Allstate objected, sought a protective order, and introduced evidence that the cost of responding to these two requests would exceed $800 million.

Following a hearing, the trial court partially granted Scroghan's motion to compel. In particular, the trial court ordered that:

Allstate is to produce to Scroghan those items from requests 6 and 43 for the years 1994, 1995, 1996, and 1997 that relate to uninsured motorist claims against Allstate alleging bad faith where the insured is from Indiana. The documents produced shall include any claims made to Allstate alleging bad faith, and any Complaints filed in a court of law against Allstate alleging bad faith. . . .

Appellant's App. p. 29. Allstate filed a motion to reconsider, wherein it alleged the cost of complying with the court's order to compel would cost around $12 million. The trial court denied the motion. Allstate subsequently sought certification for an interlocutory appeal pursuant to Indiana Appellate Rule 14(B), which the trial court denied. This appeal ensued.

## Discussion and Decision

Allstate argues on appeal that it properly appealed the discovery order as of right under Indiana Appellate Rule 14(A). Alternatively, Allstate argues that even if it failed to meet the technical requirements of Rule 14(A), this Court nevertheless should hear this appeal under an exception created by *Hogan*. If we find this Court does not have jurisdiction under Rule 14(A), Allstate urges us to exercise our discretion to hear this appeal pursuant to Rule 66(B). Allstate then proceeds to argue that the trial court abused its discretion under Indiana Trial Rule 26 by ordering Allstate to produce documents to comply with requests 6 and 43. Because, however, we find that the question of this Court's jurisdiction to hear this appeal is dispositive, we address only that issue.

■■■ It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits. *Dailey Oil, Inc. v. Jet Star, Inc.*, 650 N.E.2d 345, 346 (Ind.Ct.App.1995). An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. *Bayless v. Bayless*, 580 N.E.2d 962, 964 (Ind.Ct.App.1991), *reh'g denied, trans. denied*. The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal. *Anthrop v. Tippecanoe Sch. Corp.*, 257 Ind. 578, 277 N.E.2d 169, 171 (1972).

### I. Interlocutory Appeal as of Right

This Court shall have jurisdiction over appeals of interlocutory orders pursuant to Indiana Appellate Rule 14. *See* Ind. Appellate Rule 5(B). There are three ways that this Court has jurisdiction over interlocutory orders under Rule 14:(1) Rule 14(A) allows interlocutory appeals as of right; (2) Rule 14(B) permits discretionary appeals "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal"; and (3) Rule 14(C) authorizes other interlocutory appeals only as provided by statute. In this case, Allstate does not claim authorization to file its interlocutory appeal by statute. In addition, the trial court denied certification of its order, as required by Rule 14(B);

therefore, we only need determine whether this appeal is permitted under Rule 14(A).

■ Indiana Appellate Rule 14(A), in pertinent part, states:

Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty (30) days of the entry of the interlocutory order:

(1) For the payment of money;

. . . .

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

In particular, Allstate claims that Rule 14(A)(1) provides this Court with jurisdiction because Allstate will be forced to expend significant amounts of money to comply with the discovery order. In support of its argument, Allstate cites *State v. Kuespert,* 425 N.E.2d 229 (Ind.Ct.App. 1981). In that case, this Court held that a trial court's discovery sanction requiring one party to pay the other's attorney fees was appealable as of right because it forced the party to pay money. *Id.* at 232. This is not the situation presented on this appeal.

Here, the trial court has ordered Allstate to produce documents. Because Allstate will be forced to expend money to comply, it claims that the order actually is one for the payment of money. We disagree. If we were to accept Allstate's argument, then any discovery order which would require a party to expend money for compliance—basically, all orders—would qualify for an interlocutory appeal as of right. This could not have been the intent of the rule.

■ Allstate also claims that it may appeal as a matter of right under Rule 14(A)(3) because the trial court's order compels the delivery of documents. This is a misreading of the rule. Rule 14(A)(3)

pertains to the delivery of documents where " 'delivery imports a surrender.' " *Cua v. Morrison,* 600 N.E.2d 951, 955 (Ind.Ct.App.1992) (Sullivan, J. concurring) (quoting *W. Union Tel. Co. v. Locke,* 107 Ind. 9, 7 N.E. 579, 582 (1886)), *trans. denied.* Surrender may occur with such items as securities, receipts, deeds, leases, or promissory notes. *See, e.g., Koch v. James,* 616 N.E.2d 759, 760–61 (Ind.Ct. App.1993) (delivery of stocks), *reh'g denied, trans. denied; see also W. Union Tel.,* 7 N.E. at 582. " 'It is easy to see that the administration of justice might be seriously embarrassed, and vexatious delays secured, if appeals could be taken in every case where a written instrument is ordered to be produced for use as evidence on the trial of the cause.' " *Cua,* 600 N.E.2d at 953 (quoting *W. Union Tel.,* 7 N.E. at 582). Thus, in order to seek an interlocutory appeal as of right for the delivery of a document under Rule 14(A)(3), we find that the delivery of the document must import a surrender of the document. Such is not the case here, where the documents sought by Scroghan in discovery are a means to prosecuting the litigation. Therefore, Allstate's argument fails.

Also, Allstate argues that it has the right to appeal based on a common law exception found in *State v. Hogan,* 582 N.E.2d 824 (Ind.1991). In that case, the supreme court held that discovery orders involving the production of documents were not appealable as of right but only as discretionary interlocutory appeals, which require certification by the trial court and acceptance of the appeal by the appellate court. *Id.* at 825. Based on the holding in *Hogan,* in order for Allstate to challenge the production of documents order, it must first have been granted certification for a discretionary interlocutory appeal. Yet, because the trial court has denied such certification in this case already, there can

be no jurisdiction for this appeal as a discretionary interlocutory appeal.

However, Allstate argues that *Hogan* also crafted a new exception to the general rule that orders for the production of documents were not appealable as of right. In particular, Allstate draws our attention to the following language:

> The matters which are appealable as of right under Appellate Rule 4(B)(1) [1] involve the trial court *orders which carry financial and legal consequences akin to those more typically found in final judgments:* payment of money, issuance of a debt, delivery of securities, and so on. This section of the rule is not designed to create an appeal as of right from every order to produce documents during discovery.

*Id.* (citations omitted) (emphasis supplied). Based on this language, Allstate contends that an order pertaining to the production of documents also becomes appealable as of right where it carries "financial and legal consequences akin to those more typically found in final judgments." We disagree with this reading of *Hogan.* Rather than establishing a new exception, we hold that the emphasized language simply categorizes those orders that already are appealable as of right under the rule. Because we must strictly construe the rules, we conclude that this Court does not have jurisdiction to hear this interlocutory appeal under Rule 14(A).

1. In 1991, when *Hogan* was decided, Appellate Rule 4(B)(1) provided in pertinent part: Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:
   (1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action. . . .

2. In addition, Allstate claims we may hear this appeal pursuant to our inherent authority, as suggested in *Lugar v. State ex rel. Lee,*

## II. Discretionary Powers

■ Allstate also urges us to exercise our discretion to hear this appeal under Indiana Appellate Rule 66(B).[2] Rule 66(B) provides:

> No appeal shall be dismissed as of right because the case was not finally disposed of in the trial court or Administrative Agency as to all issues and parties, but upon suggestion or discovery of such a situation, the Court may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the trial court or Administrative Agency.

In support of its argument, Allstate draws our attention to *Nass v. State ex rel. Unity Team,* 718 N.E.2d 757 (Ind.Ct.App.1999), *reh'g denied, trans. denied,* and *Northwestern Mutual Life Insurance. Co. v. Stinnett,* 698 N.E.2d 339 (Ind.Ct.App. 1998). Although these cases suggest we may find jurisdiction to hear an interlocutory appeal outside of Rule 14, we prefer the reasoning of *INB National Bank v. 1st Source Bank,* 567 N.E.2d 1200 (Ind.Ct. App.1991). In *INB National Bank,* this Court determined that:

> [Rule 66(B) ] should not be interpreted as an alternative authorization to liti-

270 Ind. 45, 383 N.E.2d 287 (1978). In that case, the supreme court asserted the inherent discretion of the appellate courts to hear appeals even where not timely filed. *Id.* at 289. We are not dealing, however, with a situation where Allstate is asking us to overlook its failure to timely file an appeal. Thus, *Lugar* is inapposite. Regardless, we question the continuing viability of *Lugar* in light of *Claywell v. Review Bd.,* 643 N.E.2d 330 (Ind.1994) (holding that failure to timely file deprived appellate court of jurisdiction to hear appeal).

gants to initiate interlocutory appeals apart from, or in addition to, the authorization provided by [Rule 14]. In addition, we believe it would constitute an abuse of discretion for this court to grant an interlocutory appeal cognizable under [Rule 14(B)] where the trial court, as here, has expressly refused or denied certification.

*Id.* at 1202. We agree. *See also Bueter v. Brinkman,* 776 N.E.2d 910 (Ind.Ct.App. 2002) (refusing to apply Rule 66(B) to "rescue" an appeal). If we were to allow the use of Rule 66(B) to supplement our jurisdiction to hear interlocutory appeals under Rule 14, then the limitations of Rule 14 would become meaningless. Accordingly, we refuse to exercise discretion to hear this appeal under Rule 66(B).

Appeal dismissed.

KIRSCH, J., and BAILEY, J., concur.