**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**ROBERT W. EHERENMAN**
**MELANIE L. FARR**
Heller & Colvin, P.C.
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES:

**ANDREW L. PALMISON**
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OLDE YORK POTATO CHIPS, INC., | ) | |
| ONAP, INC., and PETER MARGIE, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1107-PL-375 |
| | ) | |
| SHENOLIKAR DWARKA and | ) | |
| DWARKA & SONS, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Daniel G. Heath, Judge
Cause No. 02D01-0910-PL-415

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Dwarka and Sons, Inc., and Shenolikar Dwarka (collectively "Dwarka") entered into an agreement in 2008 with Olde York Potato Chips, Inc., to settle a lawsuit concerning Dwarka's request as a shareholder to inspect Olde York's records. In 2009 Dwarka filed a new lawsuit against Olde York and others, and in 2011 Dwarka sought relief from the agreed order from the 2008 action, as it would limit Dwarka's discovery in the current lawsuit. The trial court granted Dwarka's motion and Olde York appeals.

We dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

In 2008, Dwarka, one of two shareholders in Olde York, sought to inspect Olde York's corporate records. Olde York filed a petition to restrict shareholder inspection of its records and for a protective order. Olde York and Dwarka eventually submitted an agreed protective order resolving the dispute over Dwarka's access to the records. The court approved it, and the agreed order settled the lawsuit.

In 2009, Dwarka sued Olde York alleging the other shareholder breached its fiduciary duty to Dwarka and alleging Olde York did not reimburse Dwarka for certain expenses it incurred on behalf of Olde York. Dwarka filed a "Motion for Relief"[1] from the agreed order that resolved the prior lawsuit. (App. at 44.) The trial court granted Dwarka's motion, then ordered the parties to agree to a new protective order "that contemplates the issues before the

---

[1] In its Statement of Facts, Olde York describes the motion as "a T.R. 60(B) motion," (Appellant's Br. at 4), but it does not appear that rule was asserted as a basis for relief, or was even mentioned, in Dwarka's Motion.

2

Court in this cause of action." (*Id*. at 146.) If the parties could not agree on a new order governing discovery in the current lawsuit, the issue would be resolved by mediation.

## DISCUSSION AND DECISION

Olde York asks us to reverse on the ground the trial court "abused its discretion under T.R. 60(B) in setting aside the Agreed Protective Order."[2] (Appellant's Br. at 5.) Dwarka asserts the order before us on appeal was not one setting aside the agreed order under T.R. 60(B), but was instead a "discovery order." (Dwarka Br. at 9.) As we agree with Dwarka, Olde York's appeal must be dismissed.

In its Statement of Facts, Olde York says the trial court "set aside the Agreed Protective Order, pursuant to T.R. 60(B)." (Appellant's Br. at 4.) It did not. While the court granted Dwarka's motion, its order nowhere explicitly says, or even suggests, it was "setting aside" the agreed order from the prior lawsuit. The trial court acknowledged it was "aware of [Olde York's] argument that Trial Rule 60(B) does not permit the Order to be set aside" because the parties agreed to it, (App. at 145), but the court then said it was "more inclined to agree with [Dwarka's] argument" that the 2008 agreement "was not on the merits of the allegations made in this cause of action." (*Id*. at 146.) The court went on to note that the matters before the court in the present action "present fresh issues not within the

---

[2] T.R. 60(B) may not be used to modify an agreed judgment, *State ex rel. Prosser v. Ind. Waste Sys., Inc.*, 603 N.E.2d 181, 186 (Ind. Ct. App. 1992), as such a decree does not represent the judgment of the court. *Id*. It is merely the agreement of the parties, consented to by the court. *Mercantile Nat. Bank of Ind. v. Teamsters Union Local No. 142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996).

3

contemplation of the parties" when the prior agreed order was entered, and that Dwarka could not present evidence in the current action without "the discovery they seek in this cause of action." (*Id*.)

We agree with Dwarka that the order on appeal was a discovery order. The trial court noted the issues raised in the current lawsuit were not within the contemplation of the parties when they entered into the prior agreed order, and that Dwarka could not present evidence without a review of the discovery Dwarka was now seeking. It directed the parties to enter into a new agreed order to address the new issues, and it said it would appoint a mediator if the parties could not agree.

We may not review this appeal from a discovery order because the record does not reflect Olde York sought, or we granted, certification for an interlocutory appeal. Before proceeding to determine the rights of the parties on the merits, we are obliged to determine whether we have jurisdiction. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the court rules. *Id*. The authorization is strictly construed, and any attempt to perfect an appeal without such authorization warrants dismissal. *Id*.

Appeals from interlocutory orders are governed by Ind. Appellate Rule 14. *Daimler Chrysler Corp. v. Yaeger*, 838 N.E.2d 449, 450 (Ind. 2005). Rule 14(A) enumerates specified types of interlocutory orders that may be taken as a matter of right, and Rule 14(B)

4

provides that other interlocutory appeals may be taken "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." This does not appear to be an interlocutory appeal that may be brought as of right. *See* App. R. 14(A) (listing categories). Therefore, it may be the subject of an interlocutory appeal only on certification by the trial court and acceptance by this court pursuant to App. R. 14(B). As there was no such certification or acceptance in the case before us, we lack jurisdiction to hear this appeal and accordingly dismiss it.[3] *See State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991) (trial court's order to compel production of documents during discovery was appealable only if the trial court certified it for interlocutory appeal and the court on appeal decided to accept the appeal).

Dismissed.

CRONE, J., and BROWN, J., concur.

---

[3] Dwarka moved to dismiss this appeal on the ground the order Olde York appeals was an interlocutory discovery order. Our motions panel denied Dwarka's motion, but did not explain the basis for its ruling. Although the motions panel has ruled on this issue, Dwarka is not precluded from presenting this argument to us, and we may reconsider the motions panel's ruling. *See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1067 (Ind. Ct. App. 2005), *reh'g denied, trans. denied*. We generally decline to do so in the absence of clear authority establishing that panel erred as a matter of law. *Id.* In this case, we respectfully disagree with the order of the motions panel, which did not have the benefit of argument that T.R. 60(B) relief from an agreed order is not available.