BROWN, Judge,
concurring in part and dissenting in part.
I concur with the majority’s denial of Jennifer’s request for appellate attorney’s fees but respectfully dissent from the majority’s conclusion that the order does not constitute an interlocutory appeal of right. As the majority notes, Ind. Appellate Rule 14(A)(3) provides an appeal as a matter of right when the appealed order “compel[s] the delivery or assignment of any securities, evidence of debt, documents or things in action.” Here, the appealed order does exactly that — compels the delivery of a document — by requiring BSU to immediately release an official transcript while admittedly tuition debt remains due and owing.
Jennifer argues that delivery of the transcript is not a “surrender” and is being sought only in discovery as a means of prosecuting litigation. Appellee’s Motion to Dismiss at 3 (citing Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191 (Ind.Ct.App.2004), trans. denied). In that case, Scro-ghan was a traffic accident victim who was injured by an uninsured motorist. 801 N.E.2d at 192. Scroghan had an uninsured motorist policy with Allstate and sued Allstate for failure to pay him the policy limits. Id. Scroghan served Allstate with a voluminous request for production of documents, to which Allstate objected, and Scroghan moved to compel. Id. at 192-193. The trial court partially granted Scroghan’s motion to compel. Id. at 193. Allstate appealed such discovery order, and this court analyzed whether the discovery order was appealable under Ind. Appellate Rule 14(A)(3). Id. at 193-194.
I do not see Allstate as a barrier to the hearing of this appeal. BSU is not simply *1039 appealing a discovery order which requires parties to a lawsuit to produce documents which could be used as evidence at trial. The appealed order is a dispositive order as to BSU as it serves to dispose of all claims and relief sought against BSU.
Jennifer conceded in her motion to dismiss filed with this court that the purpose of Rule 14(A)(8) is “to provide for appeals of orders “which carry financial and legal consequences similar to those more often found in final judgments.’ ” Appellee’s Motion to Dismiss at 3 (quoting Cua v. Morrison, 600 N.E.2d 951, 954 (Ind.Ct.App.1992), trans. denied). The order to release the transcript carries legal consequences because, as asserted by BSU: (1) Jordan has no right to her transcript because her tuition balance remains unpaid; (2) Jordan breached her contract with BSU and payment of an outstanding tuition balance is a valid prerequisite to obtaining a transcript from an institution of higher education; and (3) the appealed order declares that BSU has no common law lien against the transcript. Contrary to Jennifer’s assertion, BSU does not “lose[ ] nothing” by turning over the transcript to her. Id. Jennifer acknowledges the unpaid tuition obligation, and the appealed order determines the legal issues raised by BSU and involves an important public issue regarding the rights of public universities.
Further, unlike the cases of Hogan and Scroghan cited by the majority, the present ease involves a supplemental defendant. In W. Union Tel. Co. v. Locke, the Indiana Supreme Court discussed a statute that allowed an appeal from an interlocutory order for “the delivery or assignment of any instrument of writing, evidences of debt, documents, or things in action,” and held that it would be “a great injustice to the public and a burden to the courts, for it would enable litigants to take many appeals in a single cause.” 107 Ind. 9, 13-15, 7 N.E. 579, 582-583 (1886). Given that the order disposes of all claims and relief sought against BSU as a supplemental defendant, I find that the concern in Locke that a party could “take many appeals in a single cause” is not present here.[3] Under the circumstances, I would conclude that BSU could take an interlocutory appeal as a matter of right under Appellate Rule 14(A)(3).
In addition, even if the court’s order does not fall under Rule 14(A)(3), the appeal also involves an appeal of right under Appellate Rule 14(A)(8), which provides that “[ajppeals from the following interlocutory orders are taken as a matter of right ... (8) Transferring or refusing to transfer a case under Trial Rule 75.... ” In its motion to dismiss with prejudice, BSU argued that the proper and preferred venue for issues involving Jordan’s unpaid tuition balance and release of transcripts is in the Circuit Courts of Delaware County, Indiana, the location of BSU and where such tuition costs were incurred. In its order, the trial court stated that BSU did not establish that Delaware County was the proper venue and that Trial Rule 75 provides Lake County with preferred venue. The parties discuss the *1040 issue of venue on appeal. While BSU did not rely upon Rule 14(A)(8) in its response in opposition to Jennifer’s motion to dismiss, Jennifer’s argument that this court lacks jurisdiction to hear the appeal under Rule 14(A)(3) equates to alleging that this court does not have subject matter jurisdiction and, accordingly, she has the burden of establishing that jurisdiction does not exist. See generally Ramsey v. Moore, 959 N.E.2d 246, 248 (Ind.2012) (“We hold that because the trial court’s order is not a final appealable judgment, there is no subject matter jurisdiction to hear the appeal.”); GKN Co. v. Magness, 744 N.E.2d 397, 404 (Ind.2001) (“As a general proposition, the party challenging subject matter jurisdiction carries the burden of establishing that jurisdiction does not exist.”). Given that Jennifer has this burden, that the issue regarding venue is raised by BSU in its appellant’s brief, and further that we prefer to decide cases on their merits, I would find that there are two bases for bringing an interlocutory appeal as a matter of right and would address the merits of the appeal. For these reasons, I respectfully dissent from the dismissal of BSU’s appeal.

. Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if "it disposes of all claims as to all parties” or "the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties ...." Under these rules, the fact that the appealed order is dispositive as to BSU does not make the order a final judgment, but I find that the fact that the order is dispositive with respect to BSU is relevant to the determination of whether the appeal is one of right under Rule 14(A)(3).