## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 28 2019, 7:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Gail L. Bratcher
Edmond R. Rivera
New Salisbury, Indiana

ATTORNEYS FOR APPELLEE

Dustin R. DeNeal
Elizabeth A. Little
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gail L. Bratcher and Edmond R. Rivera, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Wells Fargo Bank, N.A., <br><br> *Appellee-Plaintiff.* | October 28, 2019 <br><br> Court of Appeals Case No. 19A-MF-1404 <br><br> Appeal from the Harrison Circuit Court <br><br> The Honorable John T. Evans, Judge <br><br> Trial Court Cause No. 31C01-1902-MF-21 |

**Najam, Judge.**

## Statement of the Case

[1]     Gail L. Bratcher and Edmond R. Rivera (collectively "Homeowners") appeal the trial court's order dated May 29, 2019, regarding several pending motions in

this foreclosure action filed by Wells Fargo Bank, N.A. ("Wells Fargo"). Homeowners present three issues for our review. However, we conclude that Homeowners have not secured appellate jurisdiction. Accordingly, we dismiss this appeal.

## Facts and Procedural History

On February 19, 2019, Wells Fargo filed a complaint to foreclose its mortgage lien on real property in New Salisbury owned by Bratcher. Rivera lives with Bratcher and has contributed to the mortgage payments on the real property, and the trial court permitted him to intervene in this action. Homeowners filed various motions, including a motion to dismiss the complaint and a motion for a temporary restraining order. Following a hearing on all pending motions on May 16, the trial court denied each of Homeowners' motions, but the court granted in part Homeowners' motion for the court to take judicial notice of "certain facts." Appellants' Br. at 17. This appeal ensued.

## Discussion and Decision

On appeal, Homeowners raise three issues for our review.[1] However, "'[i]t is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits.'" *DuSablon v. Jackson Cty. Bank*, ___ N.E.3d ___, No. 18A-MI-2259, 2019 WL 4582946, at *5

---

[1] Homeowners are *pro se* and ask that we apply a "less stringent" standard to their brief on appeal. Appellants' Br. at 8. However, it is well settled that *pro se* litigants are held to the same standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

(Ind. Ct. App. Sept. 23, 2019) (quoting *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*). Jurisdiction is a question of law we review *de novo*. *Id.* This Court's typical jurisdiction is over final judgments from our trial courts. *Id.* (citing Ind. Appellate Rule 5(A)). There is no final judgment here, however, as Wells Fargo's complaint remains pending in the trial court. *See* App. R. 2(H)(1). Indeed, the trial court has scheduled a settlement conference in this matter for November 14, 2019.

[4] Nonetheless, this Court "shall have jurisdiction over appeals of interlocutory orders" pursuant to Indiana Appellate Rule 14. App. R. 5(B). As we have explained:

> "An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. *The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal.*
>
> * * *
>
> . . . There are three ways that this Court has jurisdiction over interlocutory orders under Rule 14: (1) Rule 14(A) allows interlocutory appeals as of right; (2) Rule 14(B) permits discretionary appeals "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal"; and (3) Rule 14(C) authorizes other interlocutory appeals only as provided by statute."

*Dusablon*, 2019 WL 4582946, at *5 (quoting *Allstate Ins. Co.*, 801 N.E.2d at 193 (emphasis added; citations omitted)).

Here, Homeowners purport to appeal from a final judgment, but no final judgment has yet been entered. Rather, Homeowners appeal from an interlocutory order. But Homeowners did not seek certification of the trial court's order under Appellate Rule 14(B), and they do not allege that any of the three issues they raise on appeal are appealable as of right under Appellate Rule 14(A) or otherwise appealable under Appellate Rule 14(C). Accordingly, there is nothing for this Court to review, and we are required to dismiss this appeal.

Dismissed.

Crone, J., and Altice, J., concur.