## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2019, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEY FOR APPELLEE

Mark F. James
Anderson, Agostino & Keller P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of A.K.G.; | October 30, 2019 |
| P.S., | Court of Appeals Case No. 19A-AD-990 |
| *Appellant,* | Appeal from the St. Joseph Probate Court |
| v. | The Honorable Barbara J. Johnston, Magistrate |
| J.M., | Trial Court Cause No. 71J01-1808-AD-114 |
| *Appellee.* | |

**Najam, Judge.**

## Statement of the Case

[1] P.S. ("Father") appeals the trial court's order denying Father's motion to contest the adoption petition filed by J.M. ("Stepfather"). Father presents three

issues for our review.  However, because we are without jurisdiction to consider this appeal, we do not reach the merits.  Thus, we dismiss.

## Facts and Procedural History

[2] On August 13, 2018, Stepfather filed a petition to adopt his stepdaughter A.K.G. ("Child").  On September 6, Father filed a motion to contest the adoption.  Following an evidentiary hearing on "the adoption petition and [Father's] objection thereto" on March 29, the trial court "approved" the adoption petition and denied Father's motion to contest the adoption on April 3, 2019.  Appellant's App. Vol. 2 at 36.  However, the court scheduled the adoption petition for a "final hearing" to be held on May 13.  *Id.*  Accordingly, the court's April 3 order denying Father's motion to contest the adoption was an interlocutory order.  This appeal ensued.

## Discussion and Decision

[3] In his notice of appeal, Father purports to appeal from a final judgment.  However, the trial court's order denying his motion to contest the adoption did not dispose of "all claims as to all parties."  Ind. Appellate Rule 2(H).  Rather, because the final hearing on the adoption petition had been scheduled for May 13, the court's April 3 order was an interlocutory order.  Father did not seek certification of the order pursuant to Indiana Appellate Rule 14(B), and the order is not appealable as a matter of right under Appellate Rule 14(A).

[4] "'It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits.'"  *DuSablon v.*

*Jackson County Bank*, ___ N.E.3d ___, No. 18A-MI-2259, 2019 WL 4582946, at *5 (Ind. Ct. App. Sept. 23, 2019) (quoting *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*). Jurisdiction is a question of law we review *de novo*. *Id.* Here, the order from which Father appeals is neither a final judgment nor an appealable interlocutory order. And, in response to this Court's Order to Show Cause, Father acknowledged that the final adoption hearing has not been held to date. This Court is, therefore, without subject matter jurisdiction to consider the merits of Father's appeal. *See R.W. v. G.C. (In re Adoption of S.J.)*, 967 N.E.2d 1063, 1066 (Ind. Ct. App. 2012) (dismissing appeal from order denying motion to contest adoption where final adoption hearing had not yet been held).

[5]   Dismissed.


Bailey, J., and May, J., concur.